[Doc. No. 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TECHTRONIC INDUSTRIES NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> INVENTEK COLLOIDAL CLEANERS LLC, <br><br> Defendant. | Civil No. 13-4255 (NLH/JS) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's "Motion for Expedited Discovery" [Doc. No. 10]. No opposition to plaintiff's motion was filed. The Court notes that although an attorney has not yet entered an appearance for defendant, plaintiff served defendant with a copy of its motion and put it on notice that the motion was returnable on August 19, 2013. See July 29, 2013 Letter Order, Doc. No. 12. The Court exercises its discretion not to hold oral argument. L. Civ. R. 37.1(b)(4). For the reasons to be discussed plaintiff's motion is DENIED.[1]

Since this Order is issued primarily for the parties the Court will not set forth a detailed summary of the fact and procedural

---

[1] Since defendant did not file any opposition to plaintiff's motion, the Court exercises its discretion to decide the motion before the August 19, 2013 return date. The fact that plaintiff's motion is unopposed is not determinative. As discussed herein, plaintiff has to satisfy the Court that its request for expedited discovery is reasonable.

background of the case.  The Court incorporates by reference the discussion in its July 29, 2013 Letter Order denying plaintiff's request to hear this motion on short notice.

By way of brief summary, plaintiff's ten count complaint filed on July 11, 2013, alleges defendant owes it over $5 million.[2]  Brief at 1.  Plaintiff alleges defendant breached its loan agreement to make available for inspection "information, reports, and updates regarding its assets and the collateral securing TTI's loan."  Id.  Plaintiff wants defendant to answer its interrogatories (Certification of Tim Blackford, Esquire, Exhibit F) and requests for documents (Id. at Exhibit F), and to appear for a Fed. R. Civ. P. 30(b)(6) deposition, before the parties meet and confer pursuant to Fed. R. Civ. P. 26(f).  Underlying plaintiff's motion is its conviction of the correctness of its claims and the lack of any meritorious defenses.

Rule 26(d) provides that for the convenience of the parties and witnesses and in the interest of justice, leave may be granted to conduct discovery prior to a conference amongst the parties.  Rule 26(d) does not give any guidance as to the standard to use to determine if expedited discovery is appropriate.  In Better Packages, Inc. v. Zheng, C.A. No. 05-4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006), the Court noted that case law

---

[2] The complaint pleads three breach of contract counts, three foreclosure counts, and four common law/equitable counts.

addressing the issue applies one of two standards to determine if expedited discovery is appropriate.  The first standard, discussed in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982), analyzes requests for expedited discovery using factors similar to those used in reviewing a request for injunctive relief or specific performance. Kone Corp. v. Thyssenkrupp USA, Inc., C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011).  Under the second less stringent reasonableness standard, the parties must show that the request for expedited discovery is reasonable under the circumstances.  Id. at *4. In a comprehensive law review article addressing expedited discovery, the author notes that courts have developed more than twenty standards for construing Rule 26(d)(1). Jesse N. Panoff, Rescuing Expedited Discovery From Courts & Returning it to FRCP 26(D)(1): Using a Doctrine's Forgotten History to Achieve Legitimacy, 64 Ark L. Rev. 641 (2011). (Hereinafter "Panoff").

With one proviso the Court adopts the reasoning in Better Packages and will use the reasonableness standard to determine if expedited discovery is appropriate. See also Sawhorse Enterprises, Inc. v. Church & Dwight Co., Inc., C.A. No. 12-6811 (FLW), 2013 WL 1343608, at *3-5 (D.N.J. April 3, 2013).  The Court is convinced this standard gives it the flexibility it needs to exercise its wide discretion to manage discovery.  See In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982)("[M]atters of docket control and conduct of discovery are committed to the

3

sound discretion of the district court."). The Court declines to use the Notaro standard because it is reluctant at this early stage of the case to undertake a detailed analysis of the "likelihood of success" or the merits of a party's claim or defense. Accord Kone, supra, at *6; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002). The Court also declines to apply the Notaro standard because it "unduly circumscribes the wide discretion normally accorded the trial court in managing discovery." Id. at 276. To be sure, however, if deemed appropriate by the Court, the Court's view of the underlying merits of a claim or defense could be a relevant factor in the "reasonableness" analysis. Under the reasonableness standard the Court looks at the entirety of the record and the reasonableness of the request in light of all surrounding circumstances. Sawhorse Enterprises, Inc., 2013 WL 1343608, at *5 (citations omitted).

As noted there is one proviso the Court adds that is not discussed in detail in Better Packages. That is, the Court finds that the burden should be on the moving party to show that expedited discovery is appropriate. Another way of stating this is to say there is a presumption against expedited discovery that must be rebutted by the moving party. The Court is concerned that if a pure reasonableness standard is used expedited discovery could

4

become the norm rather than the exception.  After all, who could argue with the notion that it is reasonable to start discovery sooner rather than later.  However, this is not what was envisioned when Rule 26(f) was adopted.  The Rule recognizes the benefits of a "meet and confer" before discovery starts.  Relevant issues are identified, potential disputes narrowed, and a reasonable schedule is agreed upon to conduct discovery.  See Fed. R. Civ. P. 16(a); see also Semitool, Inc., 208 F.R.D. at 273 ("The timing of discovery prescribed by Rule 26(d) focuses not on protecting the unwary and unrepresented defendant, but rather on orderly case management."). Since expedited discovery upsets the normal orderly progression of discovery, there should be a good reason to order it to occur. Otherwise, parties will expect expedited discovery in every case.[3] Panoff agrees:

> Expedited discovery is an exception, and as an exception, carries with it several interpretive precepts.  For starters, courts construe exceptions narrowly to prevent them from subsuming their corresponding rules. Overly expansive interpretations undermine the interpretive process.  Similarly, courts refrain from creating exceptions to procedural rules, believing that doing so will impede rather than advance justice.  Expedited discovery's role as an exception--fixed by the structure of 26(d)(1)--should limit discretion through the aforementioned precepts.

---

[3]If the Court grants plaintiff's motion, it would not be surprised if defendant files a similar motion.  In all likelihood defendant is as convinced of the correctness of its defense as the plaintiff is as to the merits of its claim.

Panoff at 658-59 (footnotes omitted).

For the same reasons the Court denied plaintiff's request to hear its motion on short notice, the Court also denies plaintiff's request for expedited discovery. Plaintiff has not presented a good reason why the normal progression of discovery should be abandoned. The fact that plaintiff is convinced its complaint is meritorious is not a good reason to order expedited discovery. Every plaintiff thinks the same way. The Federal Rules do not anticipate that expedited discovery is appropriate in all cases. Further, as noted in the July 29, 2013 Order, plaintiff has not shown good cause to believe that defendant's collateral is at risk. Plaintiff merely speculates that this is the case. See Brief at 7. ("[Plaintiff] can only conclude that INVENTEK's refusal to provide information or any transparency regarding its finances and/or the collateral indicates that the collateral is at risk and that INVENTEK is not preserving the collateral as required.").[4] The Court also does not believe plaintiff's request for expedited discovery is reasonable because (1) the proposed discovery is overbroad, (2) the parties should have an opportunity to address

---

[4] The Court takes issue with plaintiff's assertion that its discovery is narrowly tailored. Brief at 7. Plaintiff is requesting substantial financial and other information from defendant for the years 2009 to the present. If plaintiff wants expedited discovery to assure that defendant's collateral is preserved, its discovery is overbroad. The Court is not weighing in on whether the discovery is relevant to plaintiff's underlying claims.

the scope of relevant discovery before the discovery is served, (3) plaintiff has not presented a good reason why discovery needs to be accelerated, (4) defendant's attorney has not yet entered an appearance in the case, (5) defendant may be prejudiced by early discovery, (6) plaintiff will not be prejudiced by the denial of its motion, and (7) it is likely defendant's attorney will soon enter his/her appearance so the Rule 26(f) conference will not be unduly delayed.

The cases plaintiff relies upon are inapposite.  Plaintiff relies upon "John Doe" cases where the plaintiffs needed discovery to identify the proper defendant.  In these cases, unless expedited discovery was granted a Rule 26(f) conference would never take place because the defendant could not be identified without expedited discovery.  Further, in F.T.C. v. Stout, C.A. No. 99-5705 (WHW), 1999 WL 34833240, at *1 (D.N.J. Dec. 8, 1999), there was a finding that the defendants were "likely to engage ... in deceptive acts and practices" and that "immediate and irreparable harm will result from defendants' ongoing violations...."  This is not occurring here.  In Kone Corp., supra, the Court granted expedited discovery in connection with an upcoming preliminary injunction hearing.  The Court noted that the expedited discovery would "help to clarify and elucidate issues" presented to the Court at the preliminary injunction hearing.  Id. at *8.  Again, this situation does not apply here.

7

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED this 13th day of August, 2013, that plaintiff's Motion for Expedited Discovery is DENIED. Plaintiff shall promptly serve defendant with a copy of this Order.

                                                s/Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge